CONN v. CHAMBERS.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. FACTORS—WHO ARE FACTORS.

Plaintiff, a musical instrument manufacturer, agreed to appoint defendant his exclusive agent in New York, and to advance necessary funds to pay rents for the first six months, to be repaid within three months from the date of the advance, and to consign on sale to defendant the stock necessary to equip the agency. Defendant agreed to rent, at his own expense, a suitable apartment, employ necessary assistance, devote his time to the sale of plaintiff's wares, and to pay plaintiff certain percentages of the advertised price of the merchandise. Defendant also agreed to make monthly settlements and remit for all balances due plaintiff, to keep up the stock of instruments, etc., by reordering as fast as sold and to pay monthly for such instruments and music so reordered, and for all other instruments and music at the rate specified. *Held*, that the contract was for the sale of goods on credit, and did not create a fiduciary relation between the parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Factors, § 1.]

2. SAME.

Such construction was not changed by a subsequent writing by which defendant acknowledged his indebtedness to plaintiff in payment for musical instruments, etc., which he promised to pay in specified monthly installments, and authorizing plaintiff, in case of failure, to institute such legal proceedings against him as the circumstances might warrant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Factors, § 1.]

Patterson, P. J., and Scott, J., dissenting.

Appeal from Trial Term.

Action by Charles G. Conn against William P. Chambers. From a judgment on a directed verdict in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed and remanded.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis Steckler (Nelson L. Keech, of counsel), for appellant.
Henry J. McCormick, for respondent.

CLARKE, J. The complaint alleges that the defendant was the agent of the plaintiff for the sale at the city of New York of divers musical instruments, accessories, and sheet music consigned and delivered to him by the plaintiff for sale, and as such agent acted in a fiduciary capacity and had and received the money proceeds of said property; that between certain dates the plaintiff consigned and delivered to the defendant as his certain agent and bailee for sale divers goods which it was the duty of said agent to sell at agreed prices, and, after deducting his certain commissions on such sales, to pay over to the plaintiff the proceeds thereof; that the defendant, as the agent and bailee of the plaintiff, did sell to divers persons said goods, and did receive therefor moneys, the property of the plaintiff, and, after deducting all commissions, had in his possession $2,865.09 money and property of the plaintiff, which it was the defendant's duty to pay over to him; that the plaintiff has frequently demanded said sum, but the said defendant, contrary to his duty as agent and bailee, has neglected and refused such demands, and wrongfully, unlawfully, and fraudulently converted and appropriated to his own use the money and property of this plaintiff, no part of which has been paid. The answer admitted that the defendant sold divers musical instruments, accessories, and sheet music for and on behalf of the plaintiff, and that the defendant received of the plaintiff divers goods, but denies the allegations of the complaint alleging that he acted in a fiduciary capacity, and that it was his duty, after deducting his certain commissions on such sales, to pay over to the plaintiff the proceeds thereof, or that he had received any sums of money for the sale of goods as the property of the plaintiff, or that he had fraudulently converted and appropriated any money or property of the plaintiff. At the time of the commencement of the action an order of arrest was issued. The defendant was arrested and held in bail.

The defendant executed a paper which was as follows:

"I hereby acknowledge my indebtedness to Charles G. Conn of Elkhart, Indiana, in the sum of $2,865.09 in payment of musical instruments, musical merchandise and music consigned to me on sale, and the amount above is now due from me to Charles G. Conn, and I promise to pay to the said Charles G. Conn $50 on the 10th of February, 1902, and $50 on the 10th of each and every month thereafter until the amount is paid in full, and in the event of my failure to make any payment as stipulated, the said Charles G. Conn, shall have the right to institute legal proceedings against me, as the circumstances may warrant."

The court denied a motion to dismiss the complaint, denied a motion to go to the jury upon the question whether or not the complaint and the evidence presented was sufficient to say whether or not there was a conversion, and upon motion of the plaintiff directed a verdict for $3,522.26. From the judgment thereon entered, and the order denying a motion for a new trial, this appeal is taken.

The question submitted is whether the cause of action stated in the complaint, conversion, was sustained. The complaint alleges, and the respondent maintains, that the goods were sent by the plaintiff to the

defendant and received by him as the agent of the plaintiff to sell for the plaintiff, the proceeds thereof to be forwarded to the plaintiff after the deduction of the defendant's commissions, and that thus a fiduciary relation was established between the plaintiff and the defendant, and that, by his failure to pay over the amount received by him for the goods so received and sold, he converted said amounts to his own use, and that the judgment was proper.

· The determination of this question is not to be settled by the allegations of the complaint, but by the proof of the relations between the parties as set forth in the written contract in evidence in the case. This agreement began, by its terms, on the 15th of December, 1900, and was for a period of five years. The plaintiff agreed to appoint the defendant the exclusive agent in Greater New York for the sale of the musical instruments manufactured and music published by the plaintiff, and agreed to advance to the defendant, if so required by him, the necessary funds to pay the rent for the apartment occupied by said agency during the first six months of the period described in the agreement, said amount advanced to be paid back within three months from the date of the advance, and agreed to consign on sale to the defendant a stock of sample musical instruments and music of such an extent as the defendant might deem necessary to properly establish and equip said agency. The defendant agreed to rent, at his own expense, a suitable apartment adequate to the needs of said agency, and to employ, at his own expense, such assistance as he might deem necessary for the successful conduct of the agency, and to devote his time and best efforts for its success and to the sale of said musical instruments manufactured and music published by plaintiff. The contract further provided:

"And the said Chambers agrees to pay to said Conn at his office in Elkhart, Indiana, for all musical instruments supplied by said Conn 75 per cent. of the advertised price and for the band and orchestra and solo music 40 per cent. of the advertised price, and for the vocal and piano music 25 per cent. of the advertised price. The said Chambers further agrees that monthly settlements of all accounts with the said Conn in accordance with the agreement shall be made and payments promptly remitted for all balances due the said Conn in such a manner as the said Conn may hereinafter direct. And the said Chambers agrees to keep the aforesaid stock of musical instruments and music consigned by the said Conn to the said Chambers on sale complete by reordering as fast as sold or disposed of, and to pay monthly for such instruments and music so reordered and for all other instruments and music at the rate of discount from advertised prices as aforesaid."

This paper does not support the interpretation put upon it by the allegations of the complaint. The relation created by it between the plaintiff and the defendant was not· fiduciary. No obligation was placed upon the defendant to transmit the moneys received by him for the sale of musical instruments which he received from the plaintiff, and no trust for the plaintiff's benefit was impressed upon such moneys in the defendant's hands. It will be noted that there is no provision in this contract for the payments of any commissions to the defendant, or the deduction by him of any commissions from the amounts so received by him. There are no provisions in any way controlling the prices at which he is to sell the goods consigned to him. He may sell them at any price he pleases, either in advance of the

price listed or in advance of the percentage thereon which he has agreed to pay to the plaintiff, or at a price below said amount. There is no provision for the retention or the transmissal of any of the proceeds of the sale of said goods. It seems to me clear that what was intended to be, and was, created by this paper, was an exclusive right in the defendant to sell the plaintiff's goods in the territory of Greater New York; but that he did not receive said goods as the bailee of the plaintiff, but that the plaintiff sold them to him upon a monthly credit. The defendant agreed to pay, by the language of the contract, to the plaintiff for the goods supplied by the plaintiff at certain agreed upon percentages of the advertised price of certain lines of goods, and agreed to make monthly settlements and promptly remit payments for all balances due. What was he to remit? The moneys received by him upon the sale of these goods to his customers after deducting a commission therefrom? If so, the fiduciary relation would be established, and the complaint sustained. It is not so provided. He was to remit payments of the amount due, to wit, due from him to the plaintiff of fixed percentages of the list price of the goods which he bought from him, and these goods could be sold by him at any price he pleased, and no deductions were provided for by way of commissions.

The next clause throws an especially strong light upon the purpose and the intent of this contract. Inasmuch as the plaintiff had agreed to give the defendant the exclusive right to sell its products in the designated territory, it was important to the plaintiff that the stock of goods should be kept up. And so the contract provided:

"And the said Chambers agrees to keep the aforesaid stock * * * complete by reordering as fast as sold or disposed of, and to pay monthly for such instruments and music so reordered and for all other instruments and music at the rate of discount from advertised prices as aforesaid."

That is, he was to pay monthly for the instruments and music ordered, whether sold by him or not.

It is impossible to interpret that paragraph other than as an agreement of purchase and sale upon a monthly credit. The facts support an action to recover for a debt due for goods sold and delivered, and not an action in conversion. Nor does the written acknowledgment of indebtedness affect this conclusion, for that is all that the paper quoted supra is.

It follows, therefore, that the cause of action alleged not having been proved, the complaint should have been dismissed. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except PATTERSON, P. J., and SCOTT, J., who dissent.