Harold Tessler, J.
Defendants Bouse Transportation Corp., Stewart A. Bouse- and Arthur B. Boise “ appearing specially ” make two motions: (1) for an order “ setting aside the service of the summons and complaint * * * upon the grounds that said summons and complaint was improperly served ” under sections 229 and 229-b of the former Civil Practice Act; and (2) for identical relief on the ground of improper service under 313 of the Civil Practice Law and Buies.
Since the special appearance has been abolished, the court will treat each motion as one to dismiss the complaint on the ground that the court does not have jurisdiction of the person of any of the moving defendants. (CPLB 3211, subd. [a], par. 8.)
The pertinent facts are these. On February 23, 1963 plaintiff’s intestate, a resident of Queens County, was killed when her automobile, proceeding south, and a private tractor-trailer, proceeding north, collided head-on on route U. S. 7 in Vermont about 15 miles from the New York border.
The tractor was owned by defendant Boise of Middlebury, Vermont, and the trailer section by defendant Bouse Transportation, a Vermont corporation whose president is defendant Bouse, also of Middlebury, Vermont. At the time of the accident the trailer was under lease to Boise and was being operated by his employee, defendant Piper.
Defendants’ business activity is described in the opposing affidavit as follows. On June 25, 1961, in Middlebury, Vermont, Bouse entered into a Star Boute Contract with the United States to provide regular mail transportation service between Albany, New York, and Burlington, Vermont, during the period July 1, 1961 to June 30, 1965. That contract was subcontracted by “Bouse and/or Bouse Transportation Corp.” to Boise, who then provided the mail service. “Defendants’ trucks arrived in and departed from Albany, New York, using the highways of the State of New York between Bennington [Burlington], Vermont, and Albany, New York, a trip of approximately 30 to 40 miles, at least twice daily, arriving at approximately 6:50 p.m. and 11 :45 p.m. * * * defendants’trucks and drivers experienced layover periods in and about Albany, New York, and made various pickups and contacts in Albany, New York, at the post office loading docks, the old A & P Warehouse, 1 Manor Street, Albany, New York, and at other places.”
*1057 Service under sections 229 and 229-b of the former Civil Practice Act was effected by personal service of the summons and complaint on Piper, individually and as agent for the moving defendants, in Albany, New York, on July 6, 1963. Service under section 313 of the Civil Practice Law and Rules was effected by personal service of the summons and complaint on Boise by the Sheriff of Addison County, Vermont, on October 11, 1963 and on Rouse and Rouse Transportation Corp. by the Sheriff of Windsor County, Vermont, on October 15, 1963.
In their memorandum of law the moving defendants make two points. They argue, first, that the action is one for wrongful death arising out of an automobile accident in Vermont and thus is not one arising out of any business transacted in New York. Secondly, they argue that a statute purporting to give New York courts jurisdiction over nonresidents in a tort action where the tort did not occur in New York is unconstitutional, citing Peters v. Robin Airlines (281 App. Div. 903).
If the foreign corporate defendant was “ doing business ” in this State at the time of the accident, it may be sued here on any cause of action, whether or not arising out of that business. (CPLR 301; Ta,usa v. Susquehanna Coal Co., 220 N. Y. 259, 268.) As to the nondomieiliary individual defendants, however, prior law required that the cause of action arise out of the business they were doing here (Civ. Prae. Act, § 229-b); present law requires, similarly but somewhat less stringently, that the cause of action arise out of the business they were transacting here. (CPLR 302, subd. [a], par. 1.)
The motion to dismiss the complaint which was served with the summons under sections 229 and 229-b of the former Civil Practice Act is granted as to all of the moving defendants on the ground that service was not made upon any of the persons prescribed in either of those sections. (See Tristram v. Boise, N. Y. L. J., Feb. 4,1964, p. 15, col. 5 [Lufiauo, J.])
The motion to dismiss the complaint which was served with the summons under 313 of the Civil Practice Law and Rules is also granted.
At the time of the accident neither Rouse nor Rouse Transportation Corp. was doing or transacting any business within this State. While Rouse states that he was at all times acting as an officer of Rouse Transportation Corp., the copy of the Star Route Contract which is annexed to the opposing affidavit does not disclose that he was acting in other than his individual capacity. Nevertheless, prior to the accident that contract had been subcontracted to Boise (presumably, as required by par. *1058 3[c], with the “ written consent of the Contracting Officer ” for the United States Government) and the trailer had been leased to Boise.
As to Boise, personal jurisdiction may only be obtained over him if the cause of action arose from the business he was doing or transacting within this State (former Civ. Prac. Act, § 229-b; CPLR 301; 302, subd. [a], par. 1). He may have been doing or transacting business within this State, but this court is of the opinion that the cause of action, which is based upon an accident which occurred in Vermont, cannot reasonably be said to have arisen out of that business within the meaning and intent of the statute. (Cf. Peters v. Robin Airlines, 281 App. Div. 903, supra.)