Robert O. Brink, J.
American Gilsonite Company, the third-party defendant in the above-entitled action, has moved, pursuant to CPLR 3211 (subd. [a], par. 8), asking that the court dismiss the third-party complaint and set aside the service upon the ground that personal jurisdiction of the defendant was not obtained.
Third-party plaintiff, defendant in the above-entitled action asserts that personal jurisdiction over defendant was obtained on August 11, 1964, by serving the Secretary of State pursuant to section 307 of the Business Corporation Law.
Subdivision (a) of section 307 provided, at the time the service in question was made, for local service upon the Secretary of State where an unauthorized corporation did business in New York State. Specifically it stated that: “Every foreign corporation not authorized to do business in this state which itself or through an agent does any business in this state submits itself to the jurisdiction of the courts of this state and is deemed to have designated the secretary of state as its agent upon whom process against it may be served, in any action * * * arising out of or in connection with the doing of such business.”
Inasmuch as third-party plaintiff, Fudge & Underhill argues from recent constitutional expansion of State jurisdictional powers, it is important to note that section 307 uses the phrase “does * * * business ”. While it is unquestionably true that the United States Supreme Court has, in recent years, broken away from the rigid jurisdictional requirements of the past, a party in New York may not avail himself of this development without statutory authority. (Simonson v. International Bank, 14 N Y 2d 281 [1964]; Irgang v. Pelton & Crane Co., 42 Misc 2d 70 [1964].) In fact, the Legislature has taken *926 advantage of this “ new [jurisdictional] enclave ”. (See CPLR 302, subd. [a]. Longines-Wittnauer v. Barnes & Reineckce, 15 N Y 2d 443, 451 [1965], cert. den. sub nom. Estwing Mfg. Co. v. Singer, 382 U. S. 905.)
However, in section 307 of the Business Corporation Law (effective the same day as CPLR 302, subd. [a]; Sept. 1, 1963), the Legislature used the doing business test, thereby indicating that in this section it intended the former rigid test developed by the courts prior to the expansion. This distinction was pointed out by Professor Hornstein. (See McKinney’s Cons. Laws of N. Y., Book 6, Business Corporation Law, Practice Commentary, Appendix p. 475, n. 29. See, also, Curran v. Rouse Transp. Corp., 42 Misc 2d 1055,1057 [1964].)
This is not a question, therefore, as to whether the State can exercise jurisdiction on these facts, or whether by other statutes it did, at the time service in this case was made, provide for jurisdiction in such a case. Because of the wording of subdivision (a) of section 307 of Business Corporation Law as it was worded at the time service herein was made, the question is whether or not American Grilsonite Company, an “ unauthorized foreign corporation ” actually was “ doing business ” in New York State. The importance is seen in the fact that different methods of service were provided for.
The statutes authorizing the Secretary of State as an agent covered, at the time service was made, only a domestic corporation or a foreign-authorized corporation (Business Corporation Law, § 304); or a nonauthorized foreign corporation which was 1 ‘ doing business ’ ’ in this State (Business Corporation Law, § 307). To achieve jurisdiction under CPLR 302, service is made pursuant to CPLR 313, which provides: “ A person * * * subject to jurisdiction of the courts of this state under section 301 or 302 * * * may be served with the summons without the state, in the same manner as service is made within the state ”.
The manner for personal service upon a corporation is set forth in CPLR 311 (subd. 1) which nowhere provides for service upon the Secretary of State. Therefore at the time service was made, nowhere in the statute was the Secretary of State authorized to receive service for a foreign corporation which was neither authorized to do business in this State nor was actually doing business here. The fact the section 307 of the Business Corporation Law was later amended authorizing this service in cases covered by article 3 of the CPLR will not serve to correct service jurisdictionally defective when made. *927 (Simonson v. International Bank, 14 N Y 2d 281, 290, supra; Utilities & Ind. Mgt. Corp. v. Barton Distilling Co., 22 A D 2d 767 [1964].)
The essential criteria with which the doing business test is concerned is presence. A corporation, to be doing business here, must be present in this State, not occasionally or casually, but with a fair measure of permanence and continuity. (Tauza v. Susquehanna Coal Co., 220 N. Y. 259 [1917]. See, also, Miller v. Surf Props., 4 N Y 2d 457 [1958]; Berner v. United Airlines, 3 A D 2d 9, affd, 3 N Y 2d 1003 [1958]; Fremay, Inc., v. Modern Plastic Mach. Corp. 15 A D 2d 235. [1961].)
Recently the Court of Appeals has liberalized the doing business test in holding that a one and a-half room office, telephone listing and three full time employees constituted presence here. (Bryant v. Finnish Airlines, 15 N Y 2d 426 [1965].) The important factor here is that the court reiterated the presence tost, as distinguished from the lesser activity required by the test for “transacting business”. (40 St. John’s L. Rev. 131 [1965].)
In the instant case there is no indication that American Gilsonite Company was in any way doing business here. It had no offices, warehouse, employees, telephone listing, etc,, here. In fact, it is not seriously urged that American Gilsonite itself was doing business here.
It is asserted, however, that because American Gilsonite maintained an elaborate system of distributors who did act as representatives, it was doing business here. While this might constitute the ‘ ‘ transaction of business ”, it is insufficient to establish that American Gilsonite was itself “ doing business ” here. (Miller v. Surf Props., supra.) In this case, the Court of Appeals held that where a hotel employed an independent sales agent who himself represented several such clients, the hotel was not doing business in New York. Cases which hold that where a corporation operates in this State through a “ hollow ” subsidiary (Taca Int. Airlines v. Rolls-Royce of England, 15 N Y 2d 97 [1965]) or maintains its own office here, staffed by its own full time employees (Bryant v. Finnish Airlines, supra; Grunder v. Premier Ind. Corp., 12 A D 2d 998 [1961]), or exercises a great deal of control over its representatives (Berner v. United Airlines, supra) are to be distinguished from cases in which the foreign corporation transacts business with an independent business representative or distributor. (Miller v. Surf Props., supra; Hamlin v. Barrett & Co., 246 N. Y. 554 [1927]; Millner Co. v. Noudar, Ltd., 24 A D 2d 326 [1966].) Again in *928 this ease, all of the distributors were independent business enterprises not subjected to the direction or control of American GHlsonite, except for certain geographic qualification.
Finally, subdivision (a) of section 307 of the Business Corporation Law provides that if a corporation does business “ through an agent ”, it is doing business in this State. In this case, while said distributors might have been special agents for certain limited purposes, they were not true agents. It is clearly established, through the affidavit of Alpheus F. Under-hill, one of the third-party plaintiffs, that third-party defendant’s products were being merchandised through distributors who were not agents of third-party defendant within the meaning and intent of the statute. It was determined at an early date in this State that where a manufacturer sells outright to a retailer, and in return the retailer merely agrees to certain promotional schemes, this is in effect a true sale. The retailer does not become the wholesaler’s agent. (Conn v. Chambers, 123 App. Div. 298, affd. 195 N. Y. 538 [1908]; Baldwin v. Feder, 135 App. Div. 97 [1909].) For a discussion of the distinction and its importance in jurisdictional matters (see Restatement, Agency 2d, § 14 J. See, also, Berner v. United Airlines, supra, p. 13.) Again in this case, the distributors might be loosely called “ sales agents.”. But, in reality, they were independent distributors acting in their own interest under their own discretion and without power to bind the manufacturer.
Consequently, American G-ilsonite was not doing business in this State as required for effective service under section 307 of the Business Corporation Law. Accordingly service is vacated and the complaint dismissed.