**Adrianne M. ROUNDS, Plaintiff,**

v.

**Robert REA, Grand River Transportation, Inc., Musial Leasing, Inc., and Rush Truck Leasing, Defendants.**

No. 95–CV–0497S(F).

United States District Court, W.D. New York.

Nov. 26, 1996.

---

James J. Moran, P.C., Williamsville, New York (F. David Rusin, of counsel), for Plaintiff.

Saperston & Day, P.C., Buffalo, New York (Lynda M. Tarantino and Kenneth A. Krajewski, of counsel), for Defendants.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

The parties to this matter executed a consent to proceed before the undersigned on November 22, 1995. The matter is presently before the court on Defendants' motion for summary judgment, dated July 19, 1996; Defendants' motion for a protective order, dated August 7, 1996; and, Plaintiff's motion to amend the complaint, dated August 30, 1996.

### *BACKGROUND*

Plaintiff, Adrianne M. Rounds, filed this diversity action on June 21, 1995 alleging serious personal injuries based on an automobile accident which occurred on January 21, 1994 in Pennsylvania. Plaintiff is a resident of New York. Defendant Rea is an Ohio resident. Defendants Grand River Transportation and Musial Leasing, Inc. are Ohio corporations. Defendant Rush Truck Leasing is a Michigan corporation.

On July 19, 1996, Defendants filed a motion for summary judgment seeking dismissal of the action based on a lack of personal jurisdiction, along with a memorandum of law. Thereafter, on August 7, 1996, Defendants filed a motion for a protective order

seeking a stay of discovery pending disposition of the summary judgment motion.

On August 30, 1996, Plaintiff filed a motion to amend the complaint seeking to amend the name of Defendant Rush Truck Leasing to Rush Trucking Corporation; to add a paragraph to the complaint regarding § 5102 of New York State Insurance Law, and to add a paragraph as to personal jurisdiction in New York. On the same day, Plaintiff filed four affidavits seeking to establish the presence of Rush Trucking in New York as a common carrier, and additionally stating that Rea, contrary to his assertion, had been driving in New York prior to the accident. Plaintiff also filed an opposing memorandum of law. On September 3, 1996, Defendants filed a reply memorandum.

Oral argument on the motion was deemed unnecessary.

For the reasons as set forth below, Defendants Rea, Grand River Transportation, and Musial Leasing's motion for summary judgment is GRANTED; Defendant Rush Trucking's motion for summary judgment is DENIED; Plaintiff's motion to amend the complaint is GRANTED as to Rush Trucking only; and, Defendants' motion for a protective order is DISMISSED as moot.

### FACTS

On January 21, 1994, Plaintiff Adrianne Rounds was traveling from her home near Falconer, New York to her place of employment, Warren General Hospital, Warren, Pennsylvania. Plaintiff, driving a 1984 Chevrolet pickup truck, was traveling in a southerly direction on U.S. Route 62.

As Plaintiff approached the intersection of U.S. Route 62 and Jackson Run Road near the Town of Conewango in Pennsylvania, the traffic signal turned red. Plaintiff's vehicle stopped at the intersection, and was immediately struck in the rear by a tractor-trailer driven by Defendant Robert Rea. According to Defendants, after the accident, Plaintiff, a nurse, proceeded to work at the Warren hospital, while Plaintiff states that she went to the hospital emergency room for treatment, and became unable to work as a result of the collision.

At the time of the incident, Rea was employed by Defendant Musial Leasing, Inc. Musial Leasing, which is in the business of leasing trucks, had leased the tractor-trailer involved in the accident to Defendant Rush Trucking. Rea was driving the tractor-trailer on behalf of Musial Leasing. A principal of Musial Leasing, Andy Musial, is a shareholder in Defendant Grand River Transportation.

According to Plaintiff, she first observed Rea's truck while driving in New York prior to the collision. However, Rea contends that he had not been driving in New York that day, and only had been driving in Pennsylvania. Plaintiff also asserts that Rush Trucking does regular business in New York through its business with the General Motors Tonawanda Engine Plant in Tonawanda, New York, and that Rush Trucking also has designated an agent for service of process in New York. No contacts with New York have been alleged for either Musial Leasing or Grand River Transportation.

### DISCUSSION

Summary judgment will be granted pursuant to Fed.R.Civ.P. 56 when the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991). The party moving for summary judgment bears the burden of establishing the nonexistence of a genuine issue of material fact. If there is any evidence in the record based upon any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party cannot obtain summary judgment. *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985).

The function of a district court in considering a summary judgment motion is not to resolve disputed issues of fact, but to determine whether there is a genuine issue to be tried. *Rattner, supra,* at 209. In assessing the record, including any affidavits, exhibits,

and other submissions, the court is required to resolve all ambiguities and to draw all factual inferences in favor of the nonmoving party. *Anderson, supra,* at 255, 106 S.Ct. at 2513–14; *Rattner, supra,* at 209.

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson, supra,* at 247–48, 106 S.Ct. at 2510. *See also Lipton v. The Nature Company,* 71 F.3d 464, 469 (2d Cir.1995). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The non-moving party may defeat the summary judgment motion by producing sufficient specific evidence to establish that there is a genuine issue of material fact for trial. *Celotex, supra,* at 322–23, 106 S.Ct. at 2552–53. "Mere conclusory allegations or denials" in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Lipton, supra,* at 469.

In this case, Defendants assert that the action should be dismissed against them based on a lack of personal jurisdiction. In response, Plaintiff seeks to amend the complaint to raise a jurisdictional basis. Additionally, Plaintiff has submitted affidavits to show that Rush Trucking does business on a continuous basis in New York, and that Robert Rea was driving in New York on the day of the accident.

In diversity jurisdiction, the law of the state in which the district court sits governs personal jurisdiction over a nonresident defendant. *PC Com, Inc. v. Proteon, Inc.,* 906 F.Supp. 894, 904 (S.D.N.Y.1995). Therefore, in this action, New York law will determine whether personal jurisdiction exists over Defendants.

The burden of establishing jurisdiction is on the plaintiff. *PC Com, Inc., supra,* at 904. However, the plaintiff must make merely a prima facie showing that jurisdiction exists, despite contrary allegations by the moving party. *A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76, 79 (2d Cir.1993); *Ball v. Metallurgie Hoboken–Overpelt,* 902 F.2d 194, 197 (2d Cir.), *cert. denied,* 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990). Such a showing will not prevent the defendants from challenging the jurisdictional facts in a subsequent motion or at trial, and the plaintiff must then prove the facts supporting jurisdiction by a preponderance of the evidence. *Visual Sciences, Inc. v. Integrated Communications Inc.,* 660 F.2d 56, 58 (2d Cir.1981).

Plaintiff asserts that personal jurisdiction in this case may be predicated under §§ 301 and 302 of the New York Civil Practice Laws and Rules. However, the court finds that, in this case, as to Rush Trucking only, the Motor Carrier Act ("the Act"), 49 U.S.C. § 10330(b), is applicable to the jurisdictional issue, and that Rush Trucking's designation of an agent in New York to receive process in compliance with the Act creates personal jurisdiction in this state.

## 1. *The Motor Carrier Act*

The Motor Carrier Act of 1935 was passed by Congress in order to regulate motor carriers which participate in interstate commerce. Under this statute, carriers traveling in interstate commerce were required to establish an agent in each state in which the motor carrier operated for the purpose of receiving service of process. 49 U.S.C. § 321(c). This section was recodified in 1978 and provides as follows:

A motor carrier or broker providing transportation subject to the jurisdiction of the

Commission under subchapter II of chapter 105 of this title, including a motor carrier or broker operating within the United States while providing transportation between places in a foreign country or between a place in one foreign country and a place in another foreign country, shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker.

49 U.S.C. § 10330(b).[1]

Congress' purpose in enacting the Motor Carrier Act of 1935 was to protect the public from accidents growing out of the negligent use of motor vehicles engaged in interstate transportation. *Ocepek v. Corporate Transport, Inc.,* 950 F.2d 556, 559 (8th Cir.1991).

It is undisputed in this case that Rush Trucking, pursuant to 49 U.S.C. § 10330(b), designated a New York agent for it to receive service of process. The question is, therefore, whether, by appointing such an agent, Rush Trucking consented to personal jurisdiction in New York, notwithstanding the fact that it may not be found to be doing business in accordance with N.Y.Civ.Prac.L. & R. § 301.

In *Ocepek, supra,* the court held that an interstate carrier's designation of the Secretary of Missouri Public Service Commission as its agent for service of process under the Motor Carrier Act gave the federal district court jurisdiction over the carrier by consent in an action arising out of an accident which occurred out of state. In that case, a Missouri resident was injured in an automobile accident in Ohio by the defendant's tractor-trailer, the defendant being a New York corporation. On appeal of the district court's finding that the defendant was not subject to suit in Missouri, the Eighth Circuit held that the Motor Carrier Act requires the "unrestricted designation of an agent for service of process in each jurisdiction where the interstate carrier does business," *Ocepek, supra,* at 560, and that such designation furthers

Congress' purpose of providing easy access to the courts for injured residents of the state where the interstate carrier has appointed an agent. *Id.*

While courts in other jurisdictions have not followed this broad interpretation of the Motor Carrier Act so as to make state courts a convenient forum for actions arising elsewhere, *see Mathews v. Rail Express, Inc.,* 836 F.Supp. 873 (N.D.Ga.1993) (district court did not have personal jurisdiction over nonresident interstate carrier, notwithstanding that carrier had agent for service of process in Georgia, where accident at issue in suit occurred in South Carolina, on basis of Georgia state law); *Maroshek v. East Penn Trucking Company,* 1992 WL 101621 (D.D.C. 1992) (no personal jurisdiction over nonresident motor carrier where automobile accident occurred in North Carolina despite fact that, pursuant to federal statute, carrier designated an agent for service of process in the District of Columbia, based on District of Columbia statute), New York State has held that a designation of an agent for service of process may be deemed as having consented to service of process conferring jurisdiction over the nonresident defendant. *Electronic Race Patrol, Inc. v. National Trailer Convoy, Inc.,* 191 F.Supp. 364, 365 (S.D.N.Y. 1961) (action against motor carrier for damages to property shipped from Kentucky to Maryland resulting from an accident in Ohio could be maintained in New York where carrier had designated agent to receive service of process); *Esperti v. Cardinale Trucking Corp.,* 263 A.D. 46, 31 N.Y.S.2d 253 (2d Dep't.1941) (jurisdiction over corporation properly obtained by service of process upon agent designated under provisions of former 49 U.S.C. § 321(c)). Although not involving a tort action by a New York resident against a non-resident carrier, these cases indicate that New York courts would not limit the exercise of personal jurisdiction based on consent to accidents occurring only in New York.

Therefore, although an analysis of contacts under general contact analysis, based on the

---

**1.** 49 U.S.C. § 10330(b) was recodified on January 1, 1996, and not reenacted, however, for purposes of this action, which was filed prior to

January 1, 1996, the court will apply § 10330(b) as in effect at that time.

evidence submitted by both Plaintiff and Rush Trucking, would most likely lead to the conclusion that Rush Trucking does not do business in New York pursuant to N.Y.Civ. Prac. L. & R. § 301, the court finds that, as Rush Trucking designated an agent for service of process under the former 49 U.S.C. § 10330(b), Rush Trucking has consented to personal jurisdiction in New York. *See* 28 N.Y. Jur.2d Courts and Judges, § 197 ("Actual service within the state of notice upon one authorized by a nonresident to accept service for him, in accordance with statutory provision, gives personal jurisdiction of the nonresident"). The fact that Rush Trucking was served pursuant to the provisions of Fed.R.Civ.P. 4 and not through Rush Trucking's designated agent does not affect the effectiveness of Rush Trucking's consent to personal jurisdiction by the designation of an agent in New York. Rush Trucking's answer, moreover, does not raise any affirmative defense based on improper service of process.

### 2. *N.Y.Civ.Prac.L. & R. 301*

Section 301 of the New York Civil Practice Laws and Rules permits a New York court to exercise jurisdiction over a foreign corporation or non-resident individual on any cause of action if the defendant is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of 'presence' in this jurisdiction." *Landoil Resources v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir.1990); *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 115 N.E. 915 (1917). In order to establish personal jurisdiction over any of the remaining Defendants based on N.Y.Civ.Prac. L. & R. § 301, Plaintiff must establish that these Defendants have certain minimum contacts with New York such that the maintenance of this case of action will not offend traditional notions of fair play and substantial justice so as to satisfy due process requirements. *Vendetti v. Fiat Auto S.p.A.*, 802 F.Supp. 886, 889 (W.D.N.Y.1992) (citing *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Specifically, "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state,

thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

The New York courts have enumerated various factors to consider when determining if a foreign corporation, such as Grand River Transportation or Musial Leasing, has minimum contacts within the state including the existence of bank accounts, employees, ownership of leases on real property, public relations and publicity work, and sales within the state. *Vendetti, supra,* at 890 (citing *Laufer v. Ostrow*, 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982)). Also, while not sufficient in themselves, factors such as advertising within the state, conducting litigation, planning and executing business tactics and strategy, and obtaining commercial credit arrangements may, when taken together with other relevant contacts and activities, provide a basis for establishing jurisdictional presence. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). The relevant time frame for a jurisdictional inquiry under N.Y.Civ.Prac. L. & R. § 301 is at the time of the filing of the summons and complaint. *Vendetti, supra,* at 890.

In this case, in her response to Defendants' motion, Plaintiff has not set forth any facts to support a finding of personal jurisdiction over Defendants Musial Leasing and Grand River Transportation. As asserted by Defendants, both Musial Leasing and Grand River Transportation are Ohio corporations with their principal place of business in Ohio. Grand River Transportation's only connection with the incidents set forth in this action is that it shares a common stockholder with Musial Leasing. As to Musial Leasing, it does not maintain an office in New York, nor does it have any employees or authorized agents in New York. Musial Leasing is not authorized to do business in New York. Plaintiff has not set forth any facts to show that either Musial Leasing or Grand River Transportation advertise, solicit business, or otherwise conduct business in New York. Therefore, the court finds that Grand River Transportation and Musial

Leasing cannot be found to be doing business in New York for purposes of N.Y.Civ.Prac. L. & R. § 301.

■ As to Robert Rea, an individual cannot be subject to jurisdiction under § 301 unless he is doing business in New York individually, rather than on behalf of a corporation. *Laufer v. Ostrow,* 55 N.Y.2d 305, 449 N.Y.S.2d 456, 460–61, 434 N.E.2d 692, 696 (1982). There is no allegation that Rea was present in New York for any reason other than driving his tractor-trailer on behalf of Musial Leasing and Rush Trucking. Further, the accident involving Rea occurred in Pennsylvania. A cause of action based on an accident which occurred in a different state cannot be said to have arisen out of business within the meaning of § 301. *See Curran v. Rouse Transportation Corp.,* 42 Misc.2d 1055, 249 N.Y.S.2d 718, 721 (Sup.Ct.Queens Cty.1964) (no personal jurisdiction over individual nonresident driver based on accident which occurred in Vermont). As such, there is no basis on which to find personal jurisdiction over Rea pursuant to N.Y.Civ.Prac.L. & R. § 301.

### 3. *N.Y.Civ.Prac.L. & R. 302*

New York's long arm statute, N.Y.Civ. Prac.L. & R. § 302 provides in pertinent part:

(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

(1) transacts any business within the state or contracts anywhere to supply goods or services in the state, or

(2) commits a tortious act within the state.

N.Y.Civ.Prac.L. & R. § 302 (McKinney 1990).

■ Under this section, a non-domiciliary resident may be subjected to jurisdiction for some single or occasional act. Under § 302, a court may exercise jurisdiction over a defendant if (1) the non-domiciliary transacts business within New York; and (2) the claim against the non-domiciliary arises out of that business activity. *CutCo Industries,*

*Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir.1986). A claim arises out of business activity in New York if there is "some articulable nexus between the business transacted and the cause of action sued upon." *McGowan v. Smith,* 52 N.Y.2d 268, 437 N.Y.S.2d 643, 644–45, 419 N.E.2d 321, 322 (1981) ("for jurisdiction to attach under CPLR § 302(a)(1), it must be shown not only that a defendant has performed an act in New York, but also that the cause of action arose from the act").

■ In this case, Plaintiff argues that Rush Trucking, transacting business through its agent-driver, Rea, an employee of Musial, drove in New York in the course of his employment on the date of the accident. Plaintiff contends that she first became aware of Rea in New York, and that she observed him to be driving in New York in a manner such as to cause her concern for her personal safety. Defendants claim that Rea never drove in New York as he was traveling between Pennsylvania and Ohio. It is not disputed that the accident occurred in Pennsylvania.

In *Lancaster v. Colonial Motor Freight Line, Inc.,* 177 A.D.2d 152, 581 N.Y.S.2d 283 (1st Dep't.1992), a collision occurred in South Carolina between a car driven by a New York resident and a tractor-trailer driven by a non-domiciliary of New York and owned by a foreign corporation. The plaintiff, a passenger in the vehicle, attempted to obtain jurisdiction over the corporation and the driver in New York under N.Y.Civ.Prac.L. & R. § 302. Finding that no jurisdiction existed, the court stated that the "accident [was] not alleged to be, nor [could] it in any way be said to be, related to any possible business contacts or transactions which defendant corporation may have been engaged in at that time in the state of New York and further discovery could provide no evidence that would alter this conclusion." *Lancaster, supra,* 581 N.Y.S.2d at 287.

Similarly, in this case, the accident, which occurred in Pennsylvania, could not be found to be related to any business transaction which occurred in New York. Rea was transporting a load from Toledo, Ohio to

**86**

Warren, Pennsylvania. Plaintiff's Statement of Undisputed Fact, at ¶ 4. Even if Rea traveled in New York, a point which is contested, the subsequent accident did not arise out of any New York business transaction. Further, the fact that Rea is alleged to have been driving in an unsafe manner in New York is irrelevant to the fact that the accident occurred in Pennsylvania as any injury suffered by Plaintiff was suffered in Pennsylvania, not New York. Therefore, even if Plaintiff's allegations as to Rea's driving pattern and his presence in New York were to be found to be true, the cause of action in this case did not arise in New York, and thus, N.Y.Civ.Prac.L. & R. § 302 simply does not apply against either Rea, Rush Trucking, or Musial.[2]

### 4. *Plaintiff's Motion to Amend the Complaint*

Plaintiff seeks to amend the complaint to correct defects in the original complaint. Specifically, she seeks to correct the name of Defendant Rush Trucking, add a paragraph alleging that she suffered a grievous injury within the meaning of § 5102(d) of New York State Insurance Law, and to add a paragraph stating that Defendants are subject to jurisdiction in New York based upon their presence in the state, and/or the systematic regular continuous nature of their business transactions within New York.

 It is well settled that leave to amend a pleading pursuant to Fed.R.Civ.P. 15(a) shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the absence of any apparent reasons for denial of the motion to amend, such as undue delay, undue prejudice, bad faith, or futility of the amendment, leave to amend the pleading shall be freely given. *Foman, supra,* at 182, 83 S.Ct. at 230; *Albany Insurance Co. v. Esses*, 831 F.2d 41, 45 (2d Cir.1987). However, justice does not require the court to grant leave when the amendment would be futile. *Foman, supra,* at 182, 83 S.Ct. at 230. "On a motion for leave to amend, the court need not

finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous." *Sumitomo Electric Research Triangle, Inc. v. Corning Glass Works*, 109 F.R.D. 627, 628 (S.D.N.Y.1986).

 In this case, the court has already concluded that personal jurisdiction does not exist over Defendants Rea, Grand River Transportation, or Musial Leasing in New York either under N.Y.Civ.Prac.L. & R. §§ 301 or 302. As such, to permit Plaintiff to amend her complaint to add jurisdictional language as to these Defendants would be futile, as it would not correct the jurisdictional insufficiency of the complaint, and it would still be subject to dismissal for the same reasons as discussed. However, Plaintiff should be allowed to amend her complaint as against Rush Trucking as the court has found that personal jurisdiction exists as to Rush Trucking.

Thus, the court finds that the amendment of the original complaint as proposed should be permitted as against Rush Trucking only, and, accordingly, Plaintiff's motion to amend the complaint is GRANTED on that basis, and DENIED as to the other Defendants.

### CONCLUSION

Based on the foregoing, Defendant Rush Trucking's motion to dismiss the complaint based on a lack of personal jurisdiction is DENIED; Defendant Rea, Grand River Transportation, and Musial Leasing's motion to dismiss the complaint is GRANTED. Plaintiff's motion to amend the complaint is GRANTED as to Rush Trucking only. Defendants' motion for a protective order against discovery pending the determination of their motion to dismiss is DISMISSED as moot.

Counsel should contact the court to schedule further proceedings in this matter.

SO ORDERED.

---

**2.** Plaintiff has not alleged any jurisdictional predicate against Grand River Transportation under

N.Y.Civ.Prac.L. & R. § 302.