(December 5, 2000)

■ Trans International Corp., Doing Business as Manhattan Electric Industries, Appellant, v Clear View Technologies, Ltd., Defendant, and Eduard Zaytsev et al., Respondents. [717 NYS2d 146] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about February 7, 2000, which granted defendants' motion to dismiss plaintiff's seventh, eighth and ninth causes of action, unanimously modified, on the law, to reinstate the ninth cause of action, and otherwise affirmed, without costs. Order, same court and Justice, entered May 15, 2000, which, to the extent appealable and relevant in light of the foregoing, denied plaintiff's motion to renew, as to the seventh and eighth causes of action, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's seventh cause of action pursuant to CPLR 3211 (a) (7). The factual allegations of that cause, even when viewed in the light most favorable to the plaintiff, do not state a cause of action for breach of fiduciary duty (see, Conn v Chambers, 123 App Div 298, 302-303, affd 195 NY 538).

The eighth cause of action alleging an oral promise by the individual defendants to be primarily responsible for the debts of Clear View Technologies, Ltd. must fall for lack of either a writing (see, General Obligations Law § 5-701 [a] [2]) or some new consideration beneficial to the individual defendants. Such benefit cannot be inferred solely because of defendants' status as stockholders, which would provide no more than a remote and indirect benefit to them (see, Martin Roofing v Goldstein, 60 NY2d 262, 267-268, cert denied 466 US 905).

In the ninth cause of action, plaintiff alleged that the individual defendants are Clear View's equitable owners, that Clear View was their alter ego, that they exercised complete

1

dominion and control over Clear View and that equity requires that they be held liable for Clear View's obligations to plaintiff. Viewing the complaint in the light most favorable to the plaintiff, we find that plaintiff has stated a claim for piercing the corporate veil and holding the individual defendants personally liable for Clear View's debts on that basis (*see, 29/35 Realty Assocs. v 35th St. N. Y. Yarn Ctr.*, 181 AD2d 540). Accordingly, we modify to reinstate the ninth cause of action.

Plaintiff's motion for renewal was properly denied inasmuch as the new facts adduced on the motion were either irrelevant or superfluous to determining whether the subject causes stated cognizable claims for relief. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.