■ HOWARD BORRESS ENTERPRISES INC., Doing Business as STAR ELECTRIC, Respondent, v CSJ LLC, et al., Appellants. [818 NYS2d 61]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered November 28, 2005, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff's first and second causes of action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered January 20, 2006, which directed defendants to maintain $400,000 in a segregated account pending disposition of the instant matter, unanimously dismissed, without costs, as taken from a nonappealable order.

The complaint and the affidavits submitted in opposition to the motion to dismiss allege that CSJ has no employees, officers or shareholders other than the individual defendants who, at all relevant times, dominated and controlled CSJ and caused it to act solely for their own benefit to the detriment of plaintiff. It is also alleged that the individual defendants made numerous misrepresentations on CSJ's behalf and concealed demolition work being performed on the condominium units it owned at 500 Greenwich Street in order to convert them from commercial to residential space without the permission of the building's board of directors and without the appropriate permits from the City of New York. As a result of the renovation, it is alleged that defendants caused severe damage to plaintiff's units in the building, resulting in significant financial losses. The allegations are sufficient to state causes of action against the individual defendants for negligence and gross negligence (*Artech Info. Sys. v Tee*, 280 AD2d 117 [2001]; *Trans Intl. Corp. v Clear View Tech.*, 278 AD2d 1 [2000]).

Although the record was less than clear, it was shown at oral argument that counsel for defendants, after negotiating with plaintiff's counsel, reached agreement to place $400,000 in

escrow pending disposition of this matter. Since that order was entered with the consent of the parties, defendants are not aggrieved thereby, rendering the order nonappealable. Concur— Sullivan, J.P., Williams, Gonzalez, Catterson and McGuire, JJ.