**SUMITOMO ELECTRIC RESEARCH TRIANGLE, INC., Plaintiff,**

v.

**CORNING GLASS WORKS, Defendant.**

**No. 85 Civ. 3156 (WCC).**

United States District Court,
S.D. New York.

March 12, 1986.

---

Whitman & Ransom, New York City, for plaintiff; John M. Hadlock, Katherine L. Frank, New York City, Cushman, Darby & Cushman, George T. Mobille, Washington, D.C., of counsel.

Fish & Neave, New York City, for defendant; Lars I. Kulleseid, Kenneth B. Herman, Daniel M. Gantt, Thomas H. Beck, New York City, Corning Glass Works, Patent Dept., Alfred L. Michaelsen, Corning, N.Y., of counsel.

WILLIAM C. CONNER, District Judge:

This action for alleged breach of a license agreement covering plaintiff Sumitomo's United States patent No. 3,980,390 on coated glass fibers for optical transmission is before the Court on the motion of defendant Corning for leave to amend its answer to add affirmative defenses alleging that (1) the licensed patent is unenforceable because test results relevant to the patentability of the claims of said patent were knowingly withheld from the Patent and Trademark Office during prosecution of the application therefor and during prosecution of an application for reissue thereof, and (2) plaintiff Sumitomo's breach of contract claim is barred by the applicable North Carolina statute of limitations.

In their submissions on the motion, the parties argue at length the merits of the proposed affirmative defenses. However, on a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous. *Madison Fund, Inc. v. Denison Mines, Ltd.*, 90 F.R.D. 89, 91 (S.D.N.Y. 1981).

Unless the claim or defense is patently frivolous, the court is enjoined to exercise liberality in permitting it to be added by amendment. In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1981), the Supreme Court stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.

See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Here there has been no showing or suggestion that plaintiff would be prejudiced by the addition of the affirmative defenses at this time, nor that there was any undue delay or bad faith in the making of the motion.

Defendant's motion for leave to amend is therefore granted.

SO ORDERED.