**DOW CORNING CORPORATION,**
**Plaintiff,**

v.

**CHEMICAL DESIGN, INC., Defendant and Third–Party Plaintiff,**

v.

**CERTIFIED FABRICATIONS, INC., Third–Party Defendant.**

No. 97–CV–382S(F).

United States District Court,
W.D. New York.

April 28, 1998.

Shackleton, Hazeltine & Bishop, Richard J. Shackleton, of counsel, Ship Bottom, NJ, for Plaintiff.

Lipman & Biltekoff, L.L.P., Robert A. Biltekoff, Howard L. Meyer, II, of counsel, Buffalo, NY, for Defendant and Third–Party Plaintiff.

Peter A. Vinolus, Lackawanna, NY, for Third–Party Defendant.

## DECISION and ORDER

FOSCHIO, United States Magistrate Judge.

### *JURISDICTION*

This matter was referred to the undersigned by the Hon. William M. Skretny on July 31, 1997 for determination of any non-dispositive motions. The matter is presently before the court on Plaintiff's motion to amend the complaint, filed January 2, 1998.

### *BACKGROUND and FACTS*

The complaint in this diversity action was filed on May 8, 1997 alleging twelve causes of action against Defendant for negligent design, negligent manufacture, negligent supervision, negligent entrustment, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness, fraudulent inducement, fraudulent execution, breach of contract, fraudulent

concealment, and punitive damages. The claims arise out of a contract between Dow Corning Limited, a wholly owned subsidiary of Plaintiff, and Defendant whereas Defendant was to build a skid mounted shop fabricated hydrogen purification plant for use in Dow Corning Limited's factory in Barry, Wales, United Kingdom. The hydrogen purification plant was delivered to the factory, however, Plaintiff alleges that the plant was unable to function as warranted, and that Dow Corning Limited was forced to replace the plant incurring replacement costs and consequential damages in down time and lost production.

On May 21, 1997, Plaintiff filed a First Amended Complaint as of right, adding two additional causes of action for product liability and punitive damages based on product liability. Defendant answered the complaint on July 21, 1997.

On December 23, 1997, Plaintiff filed a motion to further amend its complaint to add its wholly owned subsidiary, Dow Corning Limited, as an additional Plaintiff, to add Dow Corning as a third party beneficiary on the cause of action based on negligent design, and withdrawing the claim based on negligent entrustment. Plaintiff also filed a brief in support of its motion to amend.

On January 2, 1998, Defendant filed a motion for leave to file a third-party complaint against Certified Fabrications, Inc., as the manufacturer of specific component parts used in the hydrogen purification plant at issue in the action. Defendant's motion was granted without objection by Plaintiff on January 20, 1998.

Thereafter, on January 30, 1998, Defendant and Third–Party Plaintiff filed an affidavit and memorandum of law in opposition to Plaintiff's motion to amend the first amended complaint. On February 6, 1998, Plaintiff filed a brief in reply to Defendant's opposition, along with an affidavit from Paul A. Marcela, Assistant Secretary of Dow Corning Corporation.

Oral argument was not deemed necessary.

For the reasons as set forth below, Plaintiff's motion to amend the first amended complaint is GRANTED in part and DENIED in part.

## DISCUSSION

Plaintiff seeks leave to file a second amended complaint adding Dow Corning Ltd. as a named plaintiff, and naming Dow Corning Corporation as a third party beneficiary to the contract between Dow Corning Ltd. and Chemical Design. Plaintiff asserts that this amendment is necessary as the contract at issue in this action was between Dow Corning Ltd. and Chemical Design, and that Dow Corning Ltd. is thus the proper plaintiff in this action. Plaintiff further seeks to characterize Dow Corning Corporation as a third-party beneficiary to this contract based on Dow Corning Corp.'s stock ownership of Dow Corning Ltd.

Defendant objects to the amendment. Defendant asserts that Dow Corning Corporation, the named plaintiff, was never a party to the contract at issue in this case and, as such, is an improper plaintiff. Accordingly, Defendant believes that it can obtain a favorable judgment against Dow Corning Corporation under any theory of recovery as Dow Corning Corp. does not have a viable claim against Defendant. If Plaintiff is allowed to amend its complaint at this date to add Dow Corning Ltd. as a named plaintiff, Defendant contends that it will be unduly prejudiced because such an amendment would relate back to the date of the original complaint even though the claims, if asserted now for the first time by Dow Corning Ltd., would, as to it, be time-barred. Defendant asserts that it would be precluded from raising defenses based on applicable statutes of limitation against Dow Corning Ltd. by such an amendment relating back to the time of the filing of the original complaint. Arguing that Dow Corning Ltd. is a separate legal entity from Dow Corning Corporation, and that Dow Corning Ltd. did not timely commence an action against Defendant, Defendant vigorously maintains that it would be unduly prejudiced by the proposed amendment.

Defendant further contends that Dow Corning Corporation is not a third party beneficiary to the contract between Dow Corning Ltd. and Chemical Design as the

relation between Dow Corning Corp. and Dow Corning Ltd. is simply a parent-subsidiary relationship, but each corporation is a separate legal entity conducting its own business. According to Defendant, the fact that Dow Corning Corporation would indirectly benefit from any profits made by Dow Corning Ltd. does not permit it to assert rights under the contract as a third-party beneficiary as Dow Corning Corp. is only an incidental beneficiary to the contract.

The court will first address the motion as it seeks the addition of Dow Corning Ltd. as a named plaintiff. The court possesses broad discretion under Fed.R.Civ.P. 21 to permit a change in the parties at any stage in the litigation. 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1688 (2d. ed.1986). While Defendant argues that it is unduly prejudicial to add Dow Corning Ltd. as a party plaintiff because of the statute of limitations period has run, "if the prerequisites prescribed in [Fed.R.Civ. P.]15(c) have been met, the addition of a party under Rule 21 should relate back and prevent the successful interposition of a statute of limitations defense." 7 Wright & Miller § 1688 at 476. Thus, the fact that a statute of limitations defense may thereby be defeated cannot constitute prejudice if the prerequisites of Rule 15(c) are met.

Fed.R.Civ.P. 15(a) provides in part that "... a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires ...." It is well settled that "grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Under Rule 15(a), leave to amend a complaint should be freely given. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the absence of any apparent reasons for denial of the motion to amend, such as undue delay, undue prejudice, bad faith, or futility of the amendment, leave to amend the pleading shall be freely given. *Foman, supra,* 371 U.S. at 182, 83 S.Ct. 227; *Albany Insurance Co. v. Esses,* 831 F.2d 41, 45 (2d Cir.1987). Justice does not require the court to grant leave when the amendment would be futile. *Foman, supra,* 371 U.S. at 182, 83 S.Ct. 227. "On a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous." *Sumitomo Electric Research Triangle, Inc. v. Corning Glass Works,* 109 F.R.D. 627, 628 (S.D.N.Y. 1986).

Pursuant to Fed.R.Civ.P. 15(c), an otherwise time barred claim may be timely based on the "relation back" doctrine. "As stated in the Advisory Committee notes to the 1966 amendment to Rule 15, the normal considerations concerning the relation back of amendments where plaintiffs add new defendants are applicable by analogy to instances where plaintiffs add new plaintiffs." *Hygrade Milk & Cream Co., Inc. v. Tropicana Products, Inc.,* 1993 WL 37496 *1 (S.D.N.Y.1993). Rule 15(c) provides that relation back is permitted by the law that provides the statute of limitations applicable to the action. It is undisputed that the New York statute of limitations period is applicable to this action, and thus, New York's law on relation back should be applied. *See, e.g., Northbrook National Insurance Co. v. J. & R. Vending Corp.,* 167 F.R.D. 643, 648 (E.D.N.Y.1996).

Under New York law, which applies to this case, the relation back doctrine enables a plaintiff to correct a pleading error by adding either a new claim or a new party after the statute of limitations period has expired. *Buran v. Coupal,* 87 N.Y.2d 173, 638 N.Y.S.2d 405, 661 N.E.2d 978, 981 (1995). The test for relation back under New York law is the same test as under federal law. *Id.* For the relation back doctrine to apply to an amended pleading (1) both claims must arise out of the same conduct, transaction or occurrence, (2) the new party must be united in interest with the original party such that, by reason of that relationship, the defendant can be charged with such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper party, the

action would have been properly brought. *Buran, supra,* at 983–84.

In this case, Defendant does not dispute that the claims asserted by Dow Corning Ltd. arise out of the same conduct, transaction, or occurrence set out in the original complaint. Defendant argument is that the statute of limitations period on the claims set forth in the original and first amended complaints has now run, and thus the adding of Dow Corning Ltd. as a party plaintiff is highly prejudicial. This argument must fail.

The relation back doctrine under both federal and New York law was enacted precisely to handle the mistake present in this action— the mistaken identity of a party. *See, e.g., Varrone v. Bilotti,* 867 F.Supp. 1145, 1154 n. 7 (E.D.N.Y.1994); *Buran, supra,* at 981. It is not disputed that Plaintiff brought this case in the name of the parent corporation instead of the subsidiary corporation which was the party to the contract at issue. However, if the fact that the statute of limitations period has run would constitute undue prejudice to a party opposing a motion to amend, the provisions of Rule 15(c) would be rendered meaningless, as absent the running of the limitations period, it would not be necessary to have the amendment relate back to the date of the filing of the original complaint.

The relation back doctrine under New York law provides that an amendment may relate back to the date of the original pleading when the amendment changes the party or the naming of the party and the claim asserted arises out of the conduct, transaction, or occurrence set forth in the original pleading, and, within the proper time periods, the adversary has received notice of the claim, and knew or should have known that, but for a mistake concerning the identity of the party, the action would have been brought in the proper name. N.Y. Civ. Prac. L. & R. § 203 (McKinney 1996). What is necessary is that the defendant within the statute of limitations period have "fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly being brought in." *Crossland Savings FSB v. Rockwood Insurance Co.,* 700 F.Supp. 1274, 1278 (S.D.N.Y.1988) (quoting *Williams v.*

*United States,* 405 F.2d 234, 238 (5th Cir. 1968)); *Buran, supra,* at 983. "The touchstone ... is whether the defendant knew or should have known of the existence and involvement of the new plaintiff." *Leachman v. Beech Aircraft Corp.,* 694 F.2d 1301, 1309 (D.C.Cir.1982). "As long as a defendant is fully apprised of a claim arising from specific conduct and has prepared to defend the actions against him, he will not be prejudiced by the addition of a new plaintiff and thus should not be allowed to raise a limitations defense." 6 Wright & Miller § 1501 (1st ed. 1971 & Supp.1986).

In this case, Defendant has not asserted that it was unaware that the proper plaintiff in this action should have been Dow Corning Ltd. As such, the court finds that Defendant had proper notice of the claim asserted against it within the applicable limitations period such that it can defend itself on the merits. *See, e.g., Daniel v. The American Board of Emergency Medicine, 802 F.Supp. 912* (W.D.N.Y. 1992) (plaintiff permitted to amend the complaint to add additional plaintiffs and causes of action with amendment deemed to relate back to the date of the filing of the first amended complaint on the ground that defendant had sufficient notice of the involvement of the new plaintiffs to merit the relation back of the second amended complaint). It is true as Defendant contends that statute of limitations periods are designed to avoid the potential unfairness of litigation of stale claims. But the relation back doctrine is intended to prevent an unjust closing of the courthouse door to an otherwise legitimate claim where there is no unfair surprise or real prejudice to the opposing party. As, in this case, Defendant cannot assert any prejudice other than the running of the statute of limitations period, the relation back rule should apply.

■ Defendant also asserts that Dow Corning Corporation should not be permitted to assert a claim against it as a third-party beneficiary on the ground that Dow Corning Corporation does not have control over the operations of Dow Corning Ltd., and only receives benefits from its stock ownership of Dow Corning Ltd. in the form of dividends based on profits. The court agrees, and

finds that Plaintiff's motion to amend the complaint to add a cause of action based on Dow Corning Corporation's status as a third-party beneficiary should be denied as the addition of such a claim would be futile.

■ The test for third-party beneficiary status, as adopted by New York law from the Restatement (Second) of Contracts and applicable to the instant diversity action, is as follows:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Restatement (Second) Contracts § 302 (1979). *See Septembertide Publishing B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 679 (2d Cir.1989) (applying New York law).

■ A third party is permitted to enforce a contract if that party is an intended beneficiary. *Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 600 (2d Cir.1991). If the obligation to perform to the third-party beneficiary is not expressly stated in the contract, the court may look to surrounding circumstances to determine whether the contracting parties intended to benefit a third party. *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 573 (2d Cir.1991).

In this case, there is no evidence to show that any benefits directly flowed to Dow Corning Corporation from performance of the contract. Indeed, Plaintiff itself states that the only benefit flowing to it was any benefit deriving by way of Dow Corning Ltd.'s operating at a profit and thus generating dividends to Dow Corning Corporation as its parent. Such a benefit is insufficient to establish third-party beneficiary status in Dow Corning Corporation. *See, e.g., United International Holdings, Inc. v. The Wharf (Holdings) Limited*, 988 F.Supp. 367, 372

(S.D.N.Y.1997) (corporate parent not "intended third-party beneficiary" of agreement between subsidiary and bank where plaintiff could not show any direct benefit to the corporate parent "beyond that provided to any parent corporation from assets held by its wholly owned subsidiaries").

As such, an attempt to amend the complaint to name Dow Corning Corporation as a third-party beneficiary of the contract between Dow Corning Ltd. and Defendant would be futile, as the claim would be subject to dismissal. Accordingly, Plaintiff's motion to amend the complaint to add this claim is DENIED.

### CONCLUSION

Plaintiff's motion to amend the complaint is GRANTED in part and DENIED in part. Plaintiff's motion to amend the complaint is GRANTED insofar as it seek to add Dow Corning Ltd. as a plaintiff. Plaintiff's motion to amend the complaint is DENIED insofar as it seeks to add a cause of action based on Dow Corning Corporation's third-party beneficiary status under the contract at issue. Plaintiff shall file a Second Amended Complaint in accordance with this Order **no later than May 15, 1998.**

SO ORDERED.