**HCC, INC., Plaintiff,**

v.

**R H & M MACHINE CO. and Herbert David Edgell, Jr., Defendants.**

**No. 96 CIV. 4920(PKL).**

United States District Court,
S.D. New York.

Jan. 19, 1999.

---

Morgan & Finnegan, L.L.P., NY (Harry C. Marcus, of counsel), for Plaintiff.

Martin R. Mann, Falls Church, VA, for Defendants.

### *OPINION AND ORDER*

LEISURE, District Judge.

This action involves allegations that defendants have infringed plaintiff's patent regarding a hydraulic, towable backhoe. Before the Court are defendants' objections to a Report and Recommendation (the "Report") issued by the Honorable Ronald L. Ellis, United States Magistrate Judge, recommending denial of a motion by defendant R H & M Machine Co. ("R H & M") for leave to interpose an additional defense and counterclaim concerning the patent.

For the reasons stated in this Opinion and Order, the Report is rejected and defendant R H & M's motion for leave to amend is GRANTED.

### BACKGROUND

The instant action is the second of three patent infringement suits between the parties in the past six years. In 1992, Spancrete Machinery Corp., the predecessor in interest of plaintiff HCC, Inc. ("HCC"), brought suit against R H & M in the United States District Court for the East-

ern District of Virginia (the "Virginia Action"), alleging that R H & M's GO FOR DIGGER II backhoe infringes plaintiff's United States Patent No. 4,925,358 (the "'358 patent"). R H & M interposed a counterclaim requesting declaratory judgment that certain of the claims in the '358 patent are invalid. The case proceeded to trial, where a jury found claims 1 and 12 of the '358 patent not invalid and further found R H & M's GO FOR DIGGER II product infringed claim 12 of the patent. Following the trial court's entry of judgment for defendant notwithstanding the verdict, the United States Court of Appeals for the Federal Circuit reversed and reinstated the verdict in favor of plaintiff. *See Spancrete Machinery Corp. v. R H & M Machine Co.*, No. 93–1415, slip op. at 9, 1994 WL 424620 (Fed.Cir. Aug. 15, 1994) (unreported).

On June 27, 1996, HCC filed the instant action, alleging that two other products manufactured by R H & M, the GO FOR DIGGER IV and GO FOR DIGGER V, also infringe the '358 patent. HCC subsequently amended its complaint, and R H & M answered and interposed counterclaims seeking declaratory judgment that the products do not infringe the '358 patent and that the patent is invalid. This Court referred the case to Judge Ellis on May 20, 1997, for general pre-trial management.

On June 11, 1997, HCC filed a Second Amended Complaint adding Herbert David Edgell, Jr., the President and a director and partial owner of R H & M, as a defendant and alleging additional claims for unfair competition and tortious interference with prospective business advantage. The Second Amended Complaint is substantially identical to the First Amended Complaint with respect to plaintiff's claim for patent infringement. Defendants jointly filed an answer to the Second Amended Complaint, which, in addition to the defenses and counterclaims previously raised, interposed a counterclaim of unenforceability and a defense of unclean hands, based on alleged inequitable conduct by the patent applicant before the Patent & Trademark Office ("PTO").

On August 6, 1997, in an Order with a caption listing R H & M as the sole defendant, Judge Ellis struck the counterclaim and defense raised by R H & M, and established a schedule for R H & M to seek leave to amend its answer to include the proposed counterclaim and defense.[1] In response to the Order, R H & M filed an amended answer omitting the contested counterclaim and defense and, in addition, moved for leave to add those claims.[2] Defendant Edgell separately filed an amended answer which included both the defense and the counterclaim.

On October 6, 1997, Judge Ellis issued a Report and Recommendation recommending denial of defendant R H & M's motion for leave to amend. Judge Ellis reasoned that the principle of collateral estoppel precluded R H & M from raising the defense and counterclaim because, according to the court, they are indistinguishable

---

1. Judge Ellis's requirement of leave to add the counterclaim comports with Rule 13 of the Federal Rules of Civil Procedure, which requires leave of court to assert a counterclaim which "matured or was acquired by the pleader after serving the pleading", Fed. R.Civ.P. 13(e), or which was previously omitted as the result of the pleader's "oversight, inadvertence, or excusable neglect", Fed. R.Civ.P. 13(f). Given the outcome of the instant decision, the Court need not reach the issue of whether leave was also required to assert the unclean hands defense in the first responsive pleading to the Second Amended Complaint.

2. Strangely, on the same day it filed the motion for leave to amend R H & M filed a "Second Amended Answer" to HCC's Second Amended Complaint which includes the very counterclaim and defense that are the subject of the present decision. Because leave obviously had not been granted to assert those claims, the answer shall be stricken from the record. Defendant R H & M shall file a new answer by February 1, 1999, consistent with this Opinion and Order.

from R H & M's invalidity counterclaim raised in the Virginia Action and rejected by the jury in that case. *See* Report at 4. The Report further intimates that principles of claim preclusion bar assertion of the counterclaim and defense because, according to the court, the claims, even if not actually raised in the Virginia Action, could have been. *See id.* at 5–9. Finally, Judge Ellis found that, in any event, leave to amend would be inappropriate because the evidence submitted by R H & M in support of the claims is not sufficient actually to sustain them. *See id.*

Although the only motion before Judge Ellis was that of defendant R H & M for leave to amend, the Report also appears to recommend that defendant Edgell be denied the ability to assert the identical counterclaim and defense in his first responsive pleading. Judge Ellis found that because Edgell is "in privy to R H & M", Edgell is also "bound under the same preclusion principles" as those mentioned above and recommended that, therefore, his assertion of those claims should be disallowed. *See id.* at 4 n. 2.[3]

## DISCUSSION

### I. Standard of Review

■ Before assessing the merits of defendants' objections to the Report, the Court addresses a threshold issue regarding the appropriate standard of review. Pursuant to Rule 72 of the Federal Rules of Civil Procedure and its enabling statute, 28 U.S.C. § 636(b)(1), determination of the review standard turns on whether the recommendation by the Magistrate is dispositive of a claim or defense of a party. *See* Fed.R.Civ.P. 72. Defendant R H & M contends the Report concerns a dispositive matter and, thus, that this Court must review the Report *de novo.* *See* Fed. R.Civ.P. 72(b). Plaintiff, by contrast, argues the Report addresses nondispositive issues and is subject to deferential review only for "clear error". *See* Fed.R.Civ.P. 72(a).

The proper characterization of a denial of leave to amend a pleading is not settled in this Circuit. *See C.V. Rao v. Envirodyne Enq'rs of New York,* No. 94 Civ. 3368, 1996 WL 594054, at *2 (E.D.N.Y. Oct. 11, 1996). Several courts have held, with little explanation, that such a denial is nondispositive. *See Coffey v. Dobbs Int'l Serv., Inc.,* 5 F.Supp.2d 79, 83 (N.D.N.Y. 1998); *Smith v. Dakar Constr. Corp.,* No. 94 Civ. 7645, 1997 WL 711053, at *2 (S.D.N.Y. Nov. 13, 1997); *Moss v. Stinnes Corp.,* No. 92 Civ. 3788, 1995 WL 338315, at *1 (S.D.N.Y. June 7, 1995); *Aries Ventures Ltd. v. Axa Fin. S.A.,* 696 F.Supp. 965, 965 (S.D.N.Y.1988). Other courts have found such a denial to be dispositive, since the denial forecloses the party from asserting the claim or claims in the litigation. *See Champion Titanium Horseshoe, Inc. v. Wyman–Gordon Inv. Castings, Inc.,* 925 F.Supp. 188, 190 (S.D.N.Y.1996); *Mitchell v. Cronin,* No. 92 Civ. 7360, 1993 WL 427441, at *1 (S.D.N.Y. Oct.19, 1993); *see also Scally v. Daniluk,* No. 96 Civ. 7548, 1997 WL 639036, at *1 (S.D.N.Y. Oct. 15, 1997) (dispositive where complaint would be dismissed absent leave to amend).

This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility. Assessment of futility arguments proceeds according to the standard applicable to a motion to dismiss under Rule 12(b)(6) of the Federal Rules

---

**3.** The third action between the parties was initiated by defendant R H & M in the Virginia court and raises, among other things, a claim identical to the counterclaim at issue here. On October 6, 1997, the Virginia court transferred that action, including the aforesaid claim, to this Court, which action is entitled *R H & M Machine Co. v. Spancrete* *Machinery Corp.,* No. 97 Civ. 8223. Thus, the counterclaim is already before this Court in a related matter. Because of the outcome reached in the instant decision, however, the Court need not address whether denial of R H & M's motion for leave to amend would warrant dismissal of its identical claim in the companion case.

of Civil Procedure, or, in some instances, pursuant to the standard for summary judgment under Rule 56. *See Arbitron Co. v. Tropicana Prod. Sales, Inc.*, No. 91 Civ. 3697, 1993 WL 138965, at *3 (S.D.N.Y. Apr. 28, 1993) (listing cases); *see also Azurite Corp. Ltd. v. Amster & Co.*, 52 F.3d 15, 19 (2d Cir.1995). Motions to dismiss and for summary judgment are clearly classified as dispositive motions by the enabling provision of Rule 72. *See* 28 U.S.C. § 636(b)(1)(A). The Court discerns no reason why denial of a motion for leave to amend based on futility should be classified differently than would decision of a substantive motion to dispose of those same claims when already pleaded. Accordingly, the Court reviews the Report *de novo*. In any event, classification of the Report as dispositive or not is unimportant in the instant matter because, applying either standard, the Court would reject the Report for the reasons that follow.

## II. R H & M's Proposed Amendments

■ Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend is not, however, automatic, and may be denied for good cause, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Judge Ellis denied defendant R H & M's motion for leave to amend on grounds of futility. Judge Ellis found that the doctrines of issue and claim preclusion bar assertion of the claims and, in addition, that the evidence submitted by defendant does not suffice to prove the claims sought to be added. The Court addresses the reasons proffered by Judge Ellis *seriatim*.

### A. Issue Preclusion

■ The doctrine of issue preclusion, also known as collateral estoppel, provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Thus, a claim of issue preclusion consist of the following elements:

(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir.1998) (internal quotation and citation omitted).

■ Judge Ellis found that the issue of whether the patent inventor had committed inequitable conduct before the PTO was actually decided by the jury in the Virginia Action because the jury found the patent not invalid. That reasoning conflates a claim of invalidity with the distinct one for inequitable conduct. Invalidity concerns whether published prior art either anticipates a claim in a patent or renders the claim obvious to a person of ordinary skill in the art. *See* 35 U.S.C. §§ 102 & 103. By contrast, inequitable conduct, and its analogous common-law antecedent, unclean hands, involves a different inquiry into whether the patent applicant made "affirmative misrepresentations of a material fact, fail[ed] to disclose material information, or submi[tted] ... false information ... with an intent to deceive." *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1327 (Fed.Cir.1998). The substantive effect of a finding of inequitable conduct is also often more sweeping than a finding of invalidity, since invalidity affects

only the specific patent claim or claims found to be anticipated or obvious, while a finding of inequitable conduct renders the entire patent unenforceable. *See Weatherchem Corp. v. J.L. Clark, Inc.,* 163 F.3d 1326, 1335 (Fed.Cir.1998).

The issue of inequitable conduct was not actually litigated on the merits in the Virginia Action. R H & M sought at trial to amend its pleadings to add an inequitable conduct claim and to pursue questioning of the inventor relating thereto. The court, however, denied R H & M leave to amend, foreclosed certain lines of questioning concerning the claim, and precluded submission of the claim to the jury because R H & M had only raised the claim for the first time at trial. *See Spancrete Machinery Corp. v. R H & M Machine Co.,* Civ. Action No. 92–773–A, Transcript at 27–40 (December 2, 1992). There was not, therefore, an "actual and adversarial litigation" of the inequitable conduct claim. *Regions Hosp. v. Shalala,* 522 U.S. 448, 118 S.Ct. 909, 918, 139 L.Ed.2d 895 (1998). Therefore, the doctrine of collateral estoppel does not bar R H & M's proposed claims.

### B. *Claim Preclusion*

■■ R H & M still faces the possibility, however, that its newly-asserted claims are precluded under principles of claim preclusion, also known as res judicata. Claim preclusion provides generally that a final judgment in an action precludes the parties from litigating issues that "could have been raised in that action", but were not. *Interoceanica Corp. v. Sound Pilots, Inc.,* 107 F.3d 86, 90 (2d Cir.1997) (internal quotation marks and citation omitted). In assessing whether claim preclusion applies, "[i]t must first be determined that the second suit involves the same 'claim'—or 'nucleus of operative fact'—as the first suit." *Interoceanica,* 107 F.3d at 90 (quoting *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.,* 48 F.3d 576, 583 (1st Cir.1995)). This determination, in turn, involves consideration of "whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* at 90–91 (quoting Restatement (Second) of Judgments § 24(b)).

■ R H & M asserted before Judge Ellis that res judicata does not bar assertion of the counterclaim and defense in this action because plaintiff's claim for infringement concerns different products than those involved in the Virginia Action. Judge Ellis rejected this argument, finding that the "existence of different products is not relevant". Report at 6.

Judge Ellis's finding was in error. The United States Court of Appeals for the Second Circuit, whose precedents are binding regarding this particular issue, *see Foster v. Hallco Mfg. Co., Inc.,* 947 F.2d 469, 477 n. 7 (Fed.Cir.1991), has narrowly read the scope of a "claim" for purposes of applying claim preclusion. *See Interoceanica,* 107 F.3d at 90–92. In *Interoceanica,* for example, the Second Circuit held that claim preclusion did not bar a shipping line from seeking to invalidate a New York state piloting ordinance on grounds that it violated the Commerce Clause, even though the shipper could have raised the defense in previous litigation with the opponent group of ship pilots. *Id.* at 90–91. Crucial to the Court's reasoning was the fact that the subsequent litigation involved distinct voyages by the shipper. *Id.* at 91. Thus, while the underlying facts of the two cases were similar and the shipper's alleged wrongful conduct was premised upon the same statutory provision in both proceedings, the Court found claim preclusion did not apply because the separate relevant voyages by the shipper "give rise to separate statutory wrongs—just as a party who breaches a contract twice in the same way has committed two separate breaches." *Id.*

The Second Circuit's view of res judicata accords with that of the United States Court of Appeals for the Federal Circuit.

In *Foster v. Hallco Manufacturing Company, Incorporated,* 947 F.2d 469 (Fed.Cir. 1991), the Federal Circuit held in a case similar to the one at bar that failure to raise challenges to the validity of a patent in prior litigation does not preclude assertion of those defenses in subsequent litigation involving the same patent, where different products are at issue. *Id.* at 478–79. That Court reasoned that the relevant inquiry in applying res judicata principles is whether the claim of infringement is identical, not whether the alleged basis for the claim (*i.e.,* the patent) is the same. *Id.* Thus, according to the Court, "[i]t follows that for claim preclusion to apply [where the same patent underlies both lawsuits], the devices in the two suits must be essentially the same." *Id.* at 479–80.

The alleged infringement by R H & M at issue in the instant case constitutes a separate putative violation of plaintiff's patent involving separate products than the one involved in the Virginia Action. To the extent plaintiff asserts to the contrary (and assuming *arguendo* this Court were to treat plaintiff's opposition to R H & M's motion to amend as one for summary judgment), plaintiff has failed to fulfill its burden of eliminating any genuine issue of material fact in that respect. At the very least, plaintiff's choice to bring a separate cause of action before this Court instead of seeking a contempt order from the Virginia court can be reasonably construed as a concession that the claim at issue here is separate and distinct from that involved in the Virginia Action. *See Foster,* 947 F.2d at 480 (mere "[c]olorable changes in an infringing device ... would not present a new cause of action" but would be subject to contempt proceedings on prior judgment of infringement). Given these considerations, the Court finds the claims raised by plaintiff in this action to be distinct from those in the Virginia Action. Accordingly, principles of res judicata do not preclude R H & M from asserting its inequitable conduct claims in this action.

## C. Sufficiency of the Evidence

The final basis on which Judge Ellis recommends denial of defendant R H & M's motion for leave to amend was that R H & M had failed to submit clear and convincing evidence that the patent inventor engaged in inequitable conduct. That finding also constitutes error.

Generally, consideration of the evidentiary basis for a proposed claim is inappropriate. "On a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but [must] merely satisfy itself that it is colorable and not frivolous." *T & N plc v. Fred S. James & Co. of New York,* No. 89 Civ. 7688, 1991 WL 190581, at *2 (S.D.N.Y. Sept. 16, 1991) (quoting *Sumitomo Elec. Research Triangle, Inc. v. Corning Glass Works,* 109 F.R.D. 627, 628 (S.D.N.Y.1986)); *see also Hall v. Prendergast,* No. 91 Civ. 3829, 1992 WL 88143, at *4–5 (S.D.N.Y. Apr. 22, 1992). That inquiry generally proceeds according to the standard applicable under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *i.e.,* whether the allegations, assumed to be true, fail to state a claim for which relief can be granted. *See Arbitron,* 1993 WL 138965, at *3 (listing cases). Thus, typically, "defendants need not, at this point in the litigation, 'prove' inequitable conduct or materiality. They merely need to set forth allegations sufficient to state a cause of action under the applicable statute." *Stryker Corp. v. Intermedics Orthopedics Inc.,* No. 90 Civ. 3006, 1992 WL 465722, at *1 (E.D.N.Y. Dec. 17, 1992); *see also T & N plc,* 1991 WL 190581, at *2.

Analysis of defendant R H & M's motion for leave to amend is somewhat complicated, however, by the fact that R H & M submitted documentary materials and affirmations purporting to support its proposed allegations. In some situations where evidentiary materials have been submitted, application of summary judgment principles to a motion to amend the pleadings may be appropriate. In *Azurite*

*Corporation Limited v. Amster & Company,* 844 F.Supp. 929 (S.D.N.Y.1994), for example, Judge Patterson denied a plaintiff leave to amend a complaint where the evidence submitted to the court on a contemporaneous motion for summary judgment indicated that "the factual foundations of [plaintiff's] new allegations are insufficient, as a matter of law, to withstand defendants' motion for summary judgment." *Id.* at 939. The Second Circuit affirmed this finding. *See Azurite Corp. Ltd. v. Amster & Co.,* 52 F.3d 15, 19 (2d Cir.1995).

The Court is of the view, however, that that possible approach to deciding a motion for leave to amend could not have been employed here. In *Azurite,* Judge Patterson had before him full briefing of a summary judgment motion when he determined the futility of the proposed amendments. *See Azurite,* 844 F.Supp. at 939. By contrast, no such briefing was before Judge Ellis. In addition, Judge Ellis did not inform the parties of the court's intention to review the motion according to a standard other than the normally applicable Rule 12(b)(6) standard. Such notice is necessary so that the parties understand which standard of decision will apply and are made aware of the need to garner all relevant evidence. That fairness dictates such a procedure is confirmed by Rule 12(b), which provides that a court converting a motion to dismiss to one for summary judgment shall provide "all parties ... [with] reasonabl[e] opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b); *see also B.F. Goodrich v. Betkoski,* 99 F.3d 505, 522 (2d Cir.1996).

Finally, even if the parties had been given notice that the motion for leave to amend would be reviewed under a summary judgment standard, the Court nonetheless rejects Judge Ellis's findings because a summary judgment standard of review was not ultimately applied to the evidence. The Report makes clear that the evidence is analyzed applying the bur-

den applicable at trial without resolving all ambiguities in the evidence and drawing all justifiable inferences therefrom in favor of R H & M. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Holt,* 95 F.3d at 129. Having viewed the evidence in the appropriate light, this Court finds the evidence raises genuine issues of material fact as to whether the patent inventor publicly used the invention prior to May 15, 1983.

Accordingly, defendant R H & M's motion for leave to amend would not be futile and, thus, grant of leave to amend is appropriate.

### III. Treatment of Defendant Edgell's Answer

The final component of Judge Ellis's Report to be addressed is the Report's treatment of defendant Edgell. As noted previously, defendant Edgell was added as a defendant in plaintiff's Second Amended Complaint. Thus, Edgell's answer to that complaint was his first responsive pleading and no leave of court was required for Edgell to assert any of the defenses and counterclaims contained therein.

In the course of considering defendant R H & M's motion for leave to amend, however, Judge Ellis noted that defendant Edgell was precluded from raising the counterclaim and defense R H & M sought to add to its answer because Edgell is "in privy to R H & M". Report at 4 n. 2. Neither R H & M nor plaintiff had raised this issue before Judge Ellis. Defendant Edgell was not, moreover, even a party to that particular dispute and did not submit any pleadings relating thereto, since the motion before Judge Ellis concerned only defendant R H & M's answer. Thus, it would appear that the Report recommends grant of summary judgment *sua sponte* on the privity issue.

Such a finding would be in error. At the very least, it is well-established that it is inappropriate to grant summary judgment *sua sponte* on an issue without first giving adequate notice to the parties and

"an opportunity to present materials in opposition." *See B.F. Goodrich,* 99 F.3d at 522 (internal quotation marks and citation omitted). No such notice or opportunity was given to defendant Edgell. In any case, even assuming, without deciding, that defendant Edgell is in privity with defendant R H & M, this Court has rejected the reasons stated in the Report for denying defendant R H & M's motion for leave to amend. Accordingly, judgment against defendant Edgell on those claims would also be inappropriate.

### CONCLUSION

For the reasons stated in this Opinion and Order, the Report and Recommendation of Judge Ellis is hereby rejected and defendant R H & M's motion for leave to amend its answer is hereby GRANTED. In addition, the Clerk of the Court is hereby directed to strike from the record defendant R H & M's "Second Amended Answer", filed on August 21, 1997. Defendant R H & M shall file an amended answer to the Second Amended Complaint by February 1, 1999, consistent with this Opinion and Order.

**SO ORDERED.**