Eunice A. BRIGGS, as Administratrix of the Estate of Richard E. Briggs, Toni A. Briggs, Co-Administratrix of the Estate of Richard E. Briggs, Plaintiffs,

v.

The COUNTY OF MONROE, The Monroe County Sheriff's Office, Sheriff Patrick O'Flynn, Deputy Michael Shannon, Deputy Matthew Mackenzie, in their Individual and Official Capacities, and other known or unknown members of the Monroe County Sheriff's Office, Defendants.

6:09-CV-06147 EAW

United States District Court, W.D. New York.

Signed 10/18/2016

Jeffrey Wicks, Jeffrey Wicks, PLLC, Rochester, NY, for Plaintiffs.

Matthew D. Brown, Michele Romance Crain, Monroe County Department of Law, Rochester, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

## I. BACKGROUND

On March 30, 2009, Plaintiffs Eunice A. Briggs and Toni A. Briggs, co-administratrixes of the Estate of Richard E. Briggs (collectively "Plaintiffs") commenced this action against Monroe County, the Monroe County Sheriff's Office, the Monroe County Sheriff (Patrick O'Flynn), and Monroe County Sheriff's Deputies Michael Shannon and Matthew Mackenzie (collectively "Defendants") alleging claims pursuant to 42 U.S.C. § 1983 and various state laws arising out of an incident that occurred on March 30, 2008, wherein Richard Briggs tragically killed himself after a standoff with police. (Dkt. 1, 2). Plaintiffs also initially named the Town of Ogden, the Ogden Police Department, various officials with the Ogden Police Department, and Sergeant Thomas Burns, but those defendants were dismissed by stipulation. (Dkt. 25, 39). The case was referred to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) for supervision of pretrial non-dispositive matters. (Dkt. 5).

On April 17, 2015, Plaintiffs filed a motion for leave to file an amended complaint. (Dkt. 42). Plaintiffs sought court permission to remove Monroe County Sheriff's Deputies Shannon and Mackenzie as defendants, and to add the following employees of the Monroe County Sheriff's Office as defendants: Lieutenant Gregory T. Schroth, Lieutenant Michael T. Fowler, Sergeant Matthew G. McGrath, and Investigator Scott Walsh. Plaintiffs argued that it was not until receipt of Plaintiffs' expert's report and the expert's deposition "that the reasons for the present amendments became clear." (Dkt. 42–1 at ¶ 2). Plaintiffs' expert's report is dated September 22, 2014 (Dkt. 42–2 at 53), and his deposition was apparently conducted on December 3, 2014 (Dkt. 42–1 at ¶ 10). Defendants filed papers in response to the motion for leave to amend, arguing that while they had no opposition to Plaintiffs' request to remove Deputies Shannon and Mackenzie as defendants, leave should not be granted to add the four proposed new defendants because any claims against those defendants were time-barred, and the proposed new claims would not relate back to the filing of the original complaint. (Dkt. 43). Specifically, while conceding that the new claims arose out of the conduct set forth in the original complaint, Defendants contended that the notice and mistake elements of any relation back under Federal Rule of Civil Procedure 15(c)(1)(C) could not be satisfied. (Id.). Defendants also argued that the proposed new claims were futile because the official capacity claims would be subject to dismissal, the proposed state law and § 1983 claims against the new defendants lacked merit, and the proposed new defendants were entitled to qualified immunity. ( Id.). Plaintiffs filed a reply memorandum of law in further support of their motion for leave to amend (Dkt. 46), and an oral argument was held

before Magistrate Judge Payson on June 18, 2015 (Dkt. 47).

On March 29, 2016, Magistrate Judge Payson issued a thorough and comprehensive Report and Recommendation, recommending that the motion for leave to amend be granted in part and denied in part. (Dkt. 48). Specifically, Judge Payson recommended granting the unopposed portion of the motion seeking leave to amend the complaint to dismiss Deputies Shanon and Mackenzie, but recommended denying the portion of the motion seeking leave to add the four new defendants. ( *Id.*). After two extensions of time (Dkt. 49, 50), Plaintiffs filed objections to the portion of Judge Payson's Report and Recommendation that recommended denying the motion for leave to amend to add the four new defendants. (Dkt. 51). Defendants filed papers in response on June 21, 2016. (Dkt. 52). For the reasons set forth below, Judge Payson's Report and Recommendation is adopted in its entirety.

## II. STANDARD OF REVIEW

■ Because Judge Payson's Report and Recommendation concludes that leave to amend should be denied because any amendment would not relate back to the filing of the original complaint, and thus would be futile since the claims are barred by the applicable statutes of limitation, this Court reviews that determination under a *de novo* standard of review. *See HCC, Inc. v. R H & M Mach. Co.*, 39 F.Supp.2d 317, 321 (S.D.N.Y. 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility."); *Ezeh v. McDonald*, 13–CV–6563, 2016 WL 1254012, at *4 n.3 (W.D.N.Y. Mar. 14, 2016) ("Because my findings and conclusions regarding the futility of plaintiff's motion operate as a dispositive determination that [proposed defendants] may not be

joined as defendants in this case, my determinations are made as part of a Report and Recommendation and not a Decision and Order."), *report and recommendation adopted*, 2016 WL 1271513 (W.D.N.Y. Mar. 30, 2016). *Cf. Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (suggesting, albeit in dicta, that a motion to amend is a nondispositive motion that may be referred to a magistrate judge without the parties' consent and that a magistrate judge's order on such a motion is to be set aside only if it is clearly erroneous or contrary to law); *Steuben Foods, Inc. v. GEA Process Engineering, Inc.*, 1:12–CV–00904 EAW JJM, 2016 WL 3876644, at *1–2 (W.D.N.Y. July 12, 2016) (concluding that the standard of review for a magistrate judge's denial of leave to amend based on procedural grounds, as opposed to futility of proposed amendment, was "clearly erroneous or contrary to law").

■ Of course, this *de novo* standard of review applies to only those portions of the Report and Recommendation to which objections were filed. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *see* L.R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identity the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.").

## III. ANALYSIS

Federal Rule of Civil Procedure 15(c) provides as follows with respect to the

relation back of an amendment to a complaint:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Plaintiffs object to the Report and Recommendation's conclusion that Plaintiffs failed to meet the requirements of Rule 15(c)(1)(C) because they did not establish that the omission of the proposed four new defendants from the original complaint was the result of a "mistake" within the meaning of Rule 15(c)(1)(C). (Dkt. 51 at 5). Plaintiffs contend that the Report and Recommendation erred in requiring the showing of a mistake on the part of Plaintiffs, and rather, pursuant to the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010), the focus should have been on whether the proposed new defendants knew or should have known within the Rule 4(m) time period whether they would be named as defendants.[1] (Dkt. 51 at 4-6).

This Court has reviewed the Report and Recommendation *de novo*, as well as the parties' original submissions to Judge Payson and the submissions to this Court. Based on that review, the Court concludes that Judge Payson correctly held that Plaintiffs failed to establish a "mistake" within the meaning of Rule 15(c)(1)(C). As aptly noted in Judge Payson's thorough and comprehensive Report and Recommendation, Plaintiffs have not argued that the new proposed defendants' roles were misunderstood at the commencement of the case, but rather that the legal consequences of their roles were not appreciated until after Plaintiffs' counsel received a report prepared by Plaintiffs' retained expert over five years after commencement of the litigation. (*See* Dkt. 48 at 16). Such a scenario is not the type of "mistake" within the ambit of Rule 15(c)(1)(C), and to the extent that Plaintiffs contend that *Krupski*

---

1. Although Magistrate Judge Payson did not reach the issue of whether the newly proposed defendants had the requisite notice within the Rule 4(m) time period, this Court seriously questions whether Plaintiffs could meet that requirement of Rule 15(c)(1)(C). As noted by Judge Payson: "[Plaintiffs' argument that Defendants had constructive notice such that they would not suffer prejudice] seems somewhat at odds with their argument that consultation with an expert was required to reveal the basis of the claims against the proposed defendants." (Dkt. 48 at 20). Nonetheless, because Judge Payson did not resolve the issue, and because any resolution is unnecessary in view of the Court's conclusions with respect to the lack of a mistake within the meaning of Rule 15(c)(1)(C), the Court declines to resolve that issue.

requires a different result, this Court disagrees.

With respect to the other aspects of the Report and Recommendation, there were no objections filed with respect to the Report and Recommendation's conclusion that the unopposed motion to dismiss Defendants Shannon and Mackenzie should be granted, and this Court agrees with that conclusion. (*See* Dkt. 51).

In addition, Plaintiffs did not specifically object to Judge Payson's conclusions concerning the impact of relation back under state law pursuant to Rule 15(c)(1)(A), and in fact, they never briefed the issue in their filings before Judge Payson. (*See* Dkt. 42, 46, 51). In any event, this Court agrees with Judge Payson's conclusion that for the same reason a mistake is not present under Rule 15(c)(1)(C), it is also not present under the corresponding provision found at Section 203 of New York's Civil Practice Law and Rules. (*See* Dkt. 48 at 21–22).

Finally, the Court notes that Judge Payson assumed that Rule 15(c)(1)(C) may be interpreted to permit the addition of new defendants, as well as the substitution of defendants, and, therefore, the Report and Recommendation did not find Plaintiffs' proposed addition of defendants—as opposed to substitution of defendants—as fatal to the motion. (*Id.* at 10–11). By its express language, the relation-back language of Rule 15(c)(1)(C) applies to an amendment that "changes" a named party due to a mistake concerning the proper party's identity, not to a situation where an entirely new party is being added. Fed. R. Civ. P. 15(c)(1)(C); *see Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) ("Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identity individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."). Courts appear to be split on whether relation back is allowed for amendments adding, as opposed to substituting, a party. *See* 6A C. Wright, A. Miller, et al., *Federal Practice and Procedure* § 1498.2 (3d ed. 2016) ("Many courts have liberally construed the rule to find that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule, although some courts have adopted a narrower construction."); *compare In re Vitamin C Antitrust Litigation*, 995 F.Supp.2d 125, 129 (E.D.N.Y. 2014) ("Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake 'concerning *the proper party's identity*.' As a matter of plain language, this provision would appear to include only 'wrong party' cases, and not 'additional party' cases. ... The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable. If the drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so." (emphasis in original)), *with Almazo v. M.A. Angeliades, Inc.*, No. 11 CV 1717 (MGC), 2015 WL 6965116, at *6 (S.D.N.Y. Nov. 10, 2015) (interpreting Rule 15(c)(1)(C) as including instances where a plaintiff "seeks to sue an additional defendant (rather than simply a different defendant)."). Although this Court questions whether the addition of entirely new parties is permitted within the plain language of Rule 15(c)(1)(C), it specifically does not resolve that issue for purposes of this motion.

## IV. CONCLUSION

Accordingly, for the foregoing reasons and the reasons set forth in Magistrate Judge Payson's Report and Recommendation, Plaintiffs' motion for leave to amend

(Dkt. 42) is granted in part and denied in part. The motion is granted to the extent that Plaintiffs seek dismissal of the claims against defendants Shannon and Mackenzie, and it is denied to the extent that Plaintiffs seek leave to amend to add four new defendants (Schroth, Walsh, Fowler, and McGrath). The Clerk of Court is di-·rected to remove Defendants Shannon and Mackenzie as defendants in this action.

SO ORDERED.